UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JUSTIN P., | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   No. 2:23-cv-00053-LEW |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|       Defendant | ) |

### REPORT AND RECOMMENDED DECISION

The Plaintiff in this Social Security Disability appeal contends that the Administrative Law Judge (ALJ) erred in her evaluation of medical opinion evidence and vocational evidence. *See* Plaintiff's Brief (ECF No. 13). I discern no error and recommend that the Court affirm the Commissioner's decision.

### I. Background

The Plaintiff applied for benefits in November 2021. *See* Record at 10. After his claim was denied at the initial and reconsideration levels, he requested a hearing before an ALJ. *See id.* That hearing took place in May 2022, *see id.* at 10, 33-70, following which the ALJ issued a written decision finding that the Plaintiff suffered from the severe impairments of anxiety, depression, attention deficit hyperactivity disorder (ADHD), and post-traumatic stress disorder (PTSD), *see id.* at 13. Considering those impairments, the ALJ found that the Plaintiff had the RFC to perform a full range of work at all exertional levels except that he could understand and remember detailed instructions; could not perform work requiring a specific

1

production rate, such as assembly line work or work with hourly quotas; could have an end of the day quota as long as he controlled the pacing of the work; could not work with the public but could have incidental contact such as issuing greetings or providing directions; could adapt to occasional changes to the work environment; and could work in sight of coworkers but not in tandem. *See id.* at 15. The ALJ concluded that the Plaintiff could not return to his past relevant work with such an RFC but that he could perform other jobs existing in significant numbers in the national economy and was therefore not disabled. *See id.* at 19-20. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II.  Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

2

## III. Discussion

### A. Medical Opinion Evidence

The Plaintiff first argues that the ALJ "erroneously failed to state any evaluation of the June 8, 2020, examining and reviewing opinion of Elizabeth Gene Merrill, Psy.D., ABPP, who examined [him] and reviewed his treatment records" as part of "his claim for disability benefits from the" the Department of Veterans Affairs (VA). Plaintiff's Brief at 9-10.

As the Commissioner correctly points out, *see* Commissioner's Brief (ECF No. 16) at 11, Dr. Merrill did not offer a medical opinion as that term is defined in 20 C.F.R. § 404.1513(a)(2) because she did not describe what the Plaintiff could still do despite his impairments, *see* Record at 363-75. The ALJ was required to consider the evidence from Dr. Merrill—and indeed the evidence was listed on the ALJ's list of considered exhibits, *see* Record at 24, and the Plaintiff acknowledges that she considered it, *see* Plaintiff's Brief at 12—but she was not required to address it specifically, *see Tassel v. Astrue*, 882 F. Supp. 2d 143, 148 (D. Me. 2012) ("[A]n [ALJ] is not required to address specifically every piece of medical evidence that accords with or is inconsistent with his or her conclusions."). Moreover, agency nonexamining consultant Ryan Haggarty, Ph.D., on whose opinion the ALJ relied, also reviewed the Plaintiff's VA records. *See* Record at 76.

The Plaintiff next argues that the ALJ failed to properly evaluate the opinions of his treating providers Jessica Allen, M.D., and Katherine Perry, LCPC. *See* Plaintiff's Brief at 12-13.

The ALJ explained her weighing of Dr. Allen's and LCPC Perry's opinions as follows:

> The [Plaintiff's] providers, [Dr. Allen and LCPC Perry] opined [he] had very significant limitations, to include having marked paragraph B findings, a variety of extreme poor mental findings, and needing to miss more than 4 days of work per month. One provider stated outright that the [Plaintiff] was disabled which is reserved for the commissioner. These opinions are not persuasive, as they are not supported by and consistent with the evidence. The record shows function greatly in excess of what was opined, such as the ability to take a vacation to the Dominican Republic, mental exams, care and supervision of children and good maintenance with treatment. Thus, these opinions are not persuasive.

Record at 18 (citations omitted).

The Plaintiff criticizes the ALJ's reliance on certain evidence in rejecting Dr. Allen's and LCPC Perry's opinions and points to other record evidence that purportedly supports their opinions. *See* Plaintiff's Brief at 10, 12-13. But the Plaintiff does not identify any clear error in the ALJ's recitation of the evidence, and his disagreement with the ALJ's weighing of the evidence is not cause for remand. As this Court has stated over and over again, "[t]he mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand." *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017), *aff'd*, 2017 WL 2963371 (D. Me. July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019); *see also Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222 (1st Cir. 1981) ("The [Commissioner] may (and, under his regulations, must) take medical evidence. But the resolution of

conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts.").

The Plaintiff tries the same tactic with the ALJ's weighing of Dr. Haggarty's opinion, *see* Plaintiff's Brief at 11-12, which proves no more successful. To the extent that the Plaintiff also suggests that Dr. Haggarty relied on only two records when forming his opinion, *see id.* at 11, that is simply incorrect: Dr. Haggarty's opinion identifies a great deal of other evidence that he reviewed, *see* Record at 76; *see also Pierce v. Astrue*, No. 1:10-cv-242-JAW, 2011 WL 2678919, at *4 (D. Me. July 7, 2011) (rec. dec.) ("[A] nonexamining consultant should be presumed to have reviewed all then-available file evidence absent an indication otherwise."), *aff'd*, 2011 WL 3270251 (D. Me. July 29, 2011).[1]

## B. Vocational Evidence

The Plaintiff next challenges the ALJ's evaluation of the vocational evidence.

At the hearing before the ALJ, vocational expert (VE) Linda Vause testified that someone with the Plaintiff's RFC could perform the representative jobs of institutional/commercial cleaner, sweeper-cleaner, and automobile detailer. *See* Record at 65-66. VE Vause indicated that her testimony was consistent with the Dictionary of Occupational Titles (DOT) and that she used Job Browser Pro to access data from the Bureau of Labor Statistics. *See id.* VE Vause's resume was also

---

[1] The Plaintiff also briefly faults the ALJ for relying in part on the opinion of consultative examiner James Whelan Jr., Psy.D., arguing that Dr. Whelan cited limited evidence and that his opinion was too vague. *See* Plaintiff's Brief at 12. These arguments are waived for inadequate development. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

admitted into the record, *see id.* at 260-61, and the Plaintiff did not object to her qualifications, *see id.* at 64.

Post-hearing, the Plaintiff submitted a rebuttal affidavit from VE Charles Galarraga. *See id.* at 264-70. VE Galarraga disagreed with VE Vause that someone with the Plaintiff's RFC could perform the three jobs identified. *See id.* at 265-67. VE Galarraga also offered his opinion about the vocational impact of additional limitations that the ALJ ultimately did not adopt. *See id.* at 267-68.

The ALJ relied upon the three jobs identified by VE Vause in finding the Plaintiff not disabled. *See id.* at 20. With regard to VE Galarraga's opinion, she explained,

> The [Plaintiff's] representative submitted a letter from [VE Galarraga], [his] own [VE], in which this expert stated that the [Plaintiff] could not perform the other jobs as stated by the [VE] at the hearing. This expert was also provided some other hypothetical [RFCs] which allegedly precludes other work. This is not persuasive. According to the regulations, a sufficient basis for [VE] testimony is the expert's professional knowledge and experiences, as well as reliance on job information available from various governmental and other publications, of which I take administrative notice. Of note, experts can disagree, but there is no regulation, policy, or law that requires [me] to apply a rule of lenity in such a situation. Additionally, the [Plaintiff's] representative was provided ample opportunity during the hearing to extensively cross-examine [VE Vause] on a number of issues . . . , including the sources of the job numbers provided in response to multiple hypotheticals regarding the limitations of an individual of the same age, education, and experience as the [Plaintiff]. Since the above-stated [RFC] is the one supported by evidence, the more limiting functional capacities given to this expert are not persuasive. Therefore, this is not persuasive.

*Id.* at 18-19 (citations omitted).

The Plaintiff argues that "the ALJ erroneously disregarded the conflict between [VE] Galarraga's report and [VE] Vause's testimony concerning the availability of the jobs cited by [VE] Vause for an individual with *the same* limitations stated in the ALJ's . . . RFC findings." Plaintiff's Brief at 16. He also argues that the ALJ's decision leaves it unclear whether she found VE Vause's testimony more persuasive than VE Galarraga's report. *See id.*

Although the ALJ's discussion of the VE evidence was not exactly the height of clarity, I am not persuaded that the Plaintiff's assignments of error warrant remand. *See Black v. Berryhill*, No. 1:16-cv-00572-JAW, 2018 WL 1518843, at *1 (D. Me. Mar. 28, 2018) ("[A]n arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where the deficiency probably has no practical effect on the outcome of the case." (cleaned up)).

The ALJ specifically acknowledged VE Galarraga's opinion that the Plaintiff "could not perform the other jobs as stated by [VE Vause] at the hearing" but found that opinion "not persuasive." *See* Record at 18. And after noting that "a sufficient basis for [VE] testimony is the expert's professional knowledge and experiences, as well as reliance on job information available from various governmental and other publications, of which [the Commissioner takes] administrative notice," the ALJ proceeded to rely on VE Vause's testimony, *see id.* at 18-20, which indicates—if a little obliquely—that the ALJ found VE Vause more persuasive and relied on VE Vause's professional knowledge and experience as well as her citations to the DOT.

7

Finally, to the extent the Plaintiff faults the ALJ for not discussing every aspect of VE Vause's and VE Galarraga's opinions, this Court has held that so long as an ALJ squarely addresses competing vocational opinions, she need not necessarily identify all the strengths and weaknesses of each before choosing to credit one over the other.[2] *See Brendon B. v. Saul*, No. 1:20-cv-00123-JDL, 2021 WL 1922935, at *6 (D. Me. May 12, 2021) (rec. dec.), *aff'd*, 2021 WL 3234594 (D. Me. July 29, 2021); *Brett J. v. Saul*, No. 1:19-cv-00270-DBH, 2020 WL 3567155, at *4 (D. Me. June 30, 2020) (rec. dec.), *aff'd*, 2020 WL 4803259 (D. Me. Aug. 17, 2020). The Plaintiff cites no authority to the contrary.

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

---

[2] For this same reason, I am unpersuaded by the Plaintiff's argument that the ALJ erred by not addressing the fact that VE Vause testified on cross-examination that she "had not performed any specific analysis of the jobs she had cited and had never observed anyone performing these jobs throughout the course of an entire shift." Plaintiff's Brief at 16. Moreover, the Plaintiff cites no authority for the proposition that VE Vause was required to do these things for her testimony to serve as substantial evidence. *See Biestek*, 139 S. Ct. at 1154 (noting that the substantial evidence threshold "is not high").

***Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.***

Dated: February 5, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge